The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:23-cr-00017-RAJ |
| Plaintiff, | |
| v. | **RESTRAINING ORDER** |
| STEPHEN ALEXANDER BAIRD, | |
| Defendant. | |

THIS MATTER comes before the Court on the United States' Motion for Restraining Order ("Motion"), pursuant to 21 U.S.C. § 853(e)(1)(A), seeking to preserve for forfeiture any pending and future payments relating to or arising out of the sale of real property located at 10801 NW 43rd Street, Terrebonne, Oregon, 97760 ("Terrebonne Property") by Island Family Limited Partnership and/or its agents or representatives.

The Court, having reviewed the papers and pleadings filed in this matter, including the United States' Motion; the supporting Declaration of Federal Bureau of Investigation Special Agent Julianna Dippold; Defendant Stephen Alexander Baird's Response and any supporting documents, hereby FINDS entry of a post-indictment restraining order, pursuant to 21 U.S.C. § 853(e)(1)(A), directing the transfer, to the United States Marshals Service ("USMS"), of any pending and future payments relating to or arising out the sale

RESTRAINING ORDER - 1
*United States v. Baird,* 2:23-cr-00017-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Terrebonne Property by IFLP (collectively, "Subject Property") is appropriate for the following reasons:

1. The grand jury returned an indictment charging Defendant Stephen Alexander Baird with ten counts of wire fraud, in violation of 18 U.S.C. § 1343. Dkt. No. 1.

2. The United States alleged in the indictment and a forfeiture bill of particulars that, in the event of conviction, any property constituting, or derived from, proceeds Defendant obtained, directly or indirectly, as a result of the offense, including the Terrebonne Property, would be subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c). Dkt. Nos. 1, 17.

3. Based on the facts set forth in the Special Agent Dippold's declaration, there is probable cause to believe that, in the event of Defendant's conviction, the Terrebonne Property, and any proceeds from the sale of the Terrebonne Property, including the Subject Property, may be subject to forfeiture.

4. To ensure the Subject Property remains available for forfeiture, its restraint pursuant to 21 U.S.C. § 853(e)(1) is necessary.

NOW, THEREFORE, THE COURT ORDERS:

1. The United States' request for an order restraining the Subject Property pending the conclusion of this case is GRANTED.

2. Effective immediately, to preserve the Subject Property's availability for forfeiture, the following parties, as well as their respective agents, associates, employees, attorneys, and/or family members, and any other persons acting in concert with them (collectively, "Identified Parties"), and any other individual or entity with knowledge of this Order, are directed to make any payments relating to or arising out the sale of the Terrebonne Property as set forth below:

    a. Stephen Alexander Baird;

    b. Molly Murdock-Baird;

RESTRAINING ORDER - 2
*United States v. Baird,* 2:23-cr-00017-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      c.   Island Family Limited Partnership;

      d.   Xavier Walker and Elizabeth Walker ("Buyers");

      e.   Wells Fargo Bank, N.A.;

      f.   Affinity Plus Federal Credit Union; and

      g.   Western Title & Escrow Company.

3. If any payment relating to or arising out the sale of the Terrebonne Property is to be made, the Identified Parties and/or any other parties involved in such payment shall transfer such payment to USMS.

4. Upon transfer to USMS, pursuant to this Order, of a payment relating to or arising out of the sale of the Terrebonne Property, the Identified Parties, and/or any other parties involved in such transfer, shall notify the United States Attorney's Office of the date and amount of such payment at the following email addresses: Jehiel.Baer@usdoj.gov and Seth.Wilkinson@usdoj.gov.

5. USMS shall hold any payments it receives pursuant to this Order in a seized asset account until further order from the Court.

6. Any of the Identified Parties shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the Subject Property. After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

7. This Order shall not be construed as either compelling or restricting the completion of the sale of the Terrebonne Property between IFLP, and/or its agents or representatives, and the Buyers, other than as set forth herein.

8. Upon transfer of the remaining Subject Property to USMS, the Buyers—or any other bona fide purchaser for value of the Terrebonne Property—shall be permitted to further alienate or otherwise dispose of the Terrebonne Property without regard to this Order.

RESTRAINING ORDER - 3
*United States v. Baird,* 2:23-cr-00017-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. This Order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED this 6th day of April, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

RESTRAINING ORDER - 4
*United States v. Baird,* 2:23-cr-00017-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970